MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ANN MARIE REDING (CSBN 226864)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6748
    annie.reding@usdoj.gov

Attorneys for U.S. Securities and Exchange Commission
and SEC Chairman Mary Schapiro

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK A. MISSUD,<br><br>         Plaintiff,<br><br>   v.<br><br>SECURITIES AND EXCHANGE<br>COMMISSION, ET AL.,<br><br>         Defendants. | No. C 12-0161 [formerly No. C 11-3567 DMR]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: March 22, 2012<br>Time: 11:00 a.m.<br>Place: Courtroom 4, 3rd Floor<br>Hon. Magistrate Judge Donna M. Ryu |

PLEASE TAKE NOTICE THAT on March 22, 2012, at 11:00 a.m., or as soon thereafter

as counsel may be heard, before Hon. Magistrate Judge Donna M. Ryu, Courtroom 4, 3rd Floor,

1301 Clay Street, Oakland, California 94612, the defendants U.S. Securities and Exchange

Commission ("SEC") and Chairman Mary L. Schapiro, improperly sued as "SEC Chairwoman

Mary Shapiro," ("Defendants") through their attorney of record, Ann Marie Reding, Assistant

U.S. Attorney, will move this Court for an order dismissing plaintiff Patrick A. Missud's

("Plaintiff") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and

12(b)(6).  This motion for dismissal with prejudice is based on the grounds that Plaintiff has not

established subject matter jurisdiction and Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Civil L.R. 7-3(a), any opposition to this motion or statement of non-opposition must be served and filed no later than 14 days after the filing of this motion.

## STATEMENT OF RELIEF

Defendants request an order dismissing Plaintiff's First Amended Complaint, with prejudice, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

This motion is based on this notice, the accompanying Memorandum of Points and Authorities, Plaintiff's First Amended Complaint, the Court's files and records in this action, and any other matter the Court may consider at oral argument or otherwise.

DATED: January 23, 2012                          Respectfully submitted,
                                                 MELINDA HAAG
                                                 United States Attorney


                                                    /s/ Ann Marie Reding
                                                 ANN MARIE REDING
                                                 Assistant United States Attorney

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3      Plaintiff's lengthy First Amended Complaint alleges claims against twenty-three (23)

4  named defendants.[1]   As set forth in the Court's January 5, 2012 order, "[t]he First Amended

5  Complaint does not set forth clear causes of action, but lambastes prior judicial decisions against

6  Plaintiff, corporate influence in American politics, and pervasive corruption in the judiciaries and

7  regulatory agencies of the United States, California, and Nevada.  Many of these grievances

8  appear to have arisen from Plaintiff's prior litigation against D.R. Horton and its alleged

9  'caus[ing] thousands of consumers' financial evisceration through illegal means and by

10  corrupting public figures.'"   Docket No. 53 at 2:15-20, the Court's Order Reassigning Case to

11  District Judge; *see generally,* First Amended Complaint.  Plaintiff states no claim against

12  Chairman Schapiro, and, in fact, her name is not mentioned in the body of Plaintiff's First

13  Amended Complaint.  In addition, Plaintiff alleges no cognizable claim against the SEC.

14      Defendants maintain that Plaintiff's claims are barred under the doctrine of sovereign

15  immunity and, therefore, this case should be dismissed because the Court lacks subject matter

16  jurisdiction under Rule 12(b)(1).  Alternatively, Plaintiff's First Amended Complaint fails to

17  state a claim upon which relief can be granted under Rule 12(b)(6).

18

## II.    FACTUAL AND PROCEDURAL BACKGROUND

19       *Pro se* attorney Plaintiff commenced this action on July 20, 2011.  *See* Docket No. 1.  On

20  October 28, 2011, Plaintiff filed his First Amended Complaint for Title 42 §1983 Public

21  Corruption and Civil Rights Violations; Injunctive and Declaratory Relief Sought.  *See* Docket

22  No. 18.  This case is pled as a purported class action.  *See* First Amended Complaint at 3:26-

23  4:24.  Plaintiff fails to allege any fact related to the SEC until page twenty-five (25) of his

24  twenty-nine (29) page First Amended Complaint.  Specifically, in a section entitled "DHI's [D.R.

25  Horton, Inc.] Commandeering of the SEC (Madoff-II)", Plaintiff alleges that as early as

26  September 2008, Plaintiff attempted to "get DHI to reign in its sharp, out-of-control corporate

27

28      [1] On January 5, 2012, the Court severed Defendants SEC and Chairman Schapiro from the rest of
the litigation.  The remainder of Plaintiff's case against D.R. Horton and other Defendants has been
reassigned to Judge Chen with the case's original case number: C 11-3567.  *See* Docket Nos. 52-54.

Notice of Motion and Motion to Dismiss
CV 11-3567 DMR                    1

policies which continue to damage its reputation." *Id*. at 25:6-9. Plaintiff alleges that he made a SEC Rule 14a-8 proposal regarding DHI, which was improperly denied by the SEC. *Id.* at 25:7-26:2. Plaintiff alleges that "[e]veryone knew that the Proponent had satisfied rule 14a-8(b) yet the SEC enabled DHI to further its criminal activities unbeknownst to shareholders." *Id.* at 26:1-2. Except for in the caption, Plaintiff makes no specific mention of Chairman Schapiro. The remainder of Plaintiff's Complaint appears to allege claims against parties who are no longer a part of this litigation. *See* Docket No. 52, the Court's January 5, 2012 order severing the SEC and Chairman Schapiro from the case.

### III.   PLAINTIFF'S FIRST AMENDED COMPLAINT MUST BE DISMISSED UNDER RULE 12(b)(1) BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.

#### A.   Rule 12(b)(1) Standard.

Federal courts are courts of limited jurisdiction and these limits, whether imposed by the Constitution or by Congress, cannot be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Al Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988) (a federal court's power to adjudicate claims is limited to that granted by Congress, and such grants are not to be lightly inferred). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

A motion to dismiss under Rule 12(b)(1) tests the subject-matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). When considering a motion to dismiss for lack of subject matter jurisdiction, a federal district court is not restricted to the face of pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning existence of jurisdiction, and thus consideration of material outside pleadings does not convert motion into one for summary judgment. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Courts will not infer evidence supporting federal subject-matter jurisdiction. *Kokkonen v. Guardian Live Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction."). The burden of proof on a Rule 12(b)(1)

1    motion is on the party asserting jurisdiction.  *Sopcak v. Northern Mountain Helicopter Serv.*, 52

2    F.3d 817, 818 (9th Cir. 1995).  In this case, Plaintiff bears the burden of establishing that subject

3    matter jurisdiction exists.

4    **B.    Plaintiff's Claims Are Barred by the Doctrine of Sovereign Immunity**.

5            Plaintiff's claims against Defendants SEC and Chairman Schapiro must be dismissed

6    pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction, based on the doctrine of

7    sovereign immunity.  "The basic rule of federal sovereign immunity is that the United States

8    cannot be sued at all without the consent of Congress."  *Block v. North Dakota ex rel. Bd. of*

9    *Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).  *See also Lehman v. Nakshian*, 453 U.S. 156, 160

10   (1981) ("the United States , as sovereign, is immune from suit save as it consents to be sued").

11   This sovereign immunity "applies to federal agencies and to federal employees acting within

12   their official capacities."  *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).  *See also*

13   *Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (no federal agency

14   can be sued unless Congress has explicitly revoked that agency's immunity).

15           "A court lacks subject matter jurisdiction over a claim against the United States if it has

16   not consented to be sued on that claim."  *Consejo de Desarrollo Economico de Mexicali, A.C. v.*

17   *United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (citing *McCarthy*, 850 F.2d at 560 ("[t]he

18   question whether the United States has waived its sovereign immunity against suits for damages

19   is, in the first instance, a question of subject matter jurisdiction.")).  *See also United States v.*

20   *King*, 395 U.S. 1, 4 (1969) (no court has jurisdiction to award relief against the United States or a

21   federal agency unless the requested relief is expressly and unequivocally authorized by federal

22   statute.)  "When the United States consents to be sued, the terms of its waiver of sovereign

23   immunity define the extent of the court's jurisdiction."  *United States v. Mottaz*, 476 U.S. 834,

24   841 (1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941))*.  See also Hodge*,

25   107 F.3d at 707 ("[t]he terms of the United States' consent to be sued in any court define that

26   court's jurisdiction to entertain the suit"); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir.

27   1995).  Thus, absent a waiver of sovereign immunity, a claim against the United States or a

28   federal agency must be dismissed for lack of subject matter jurisdiction.  *See Gerritsen*, 989 F.2d

1   at 343 (FBI dismissed as a defendant in a civil action because the court lacked jurisdiction over

2   that federal agency in the absence of an express statutory authorization); *Gilbert v. DaGrossa*,

3   756 F.2d 1455, 1458 (9th Cir. 1985).  Finally, any waiver of sovereign immunity must be both

4   "unequivocally expressed," *Hodge*, 107 F.3d at 707, and "strictly construed in favor of the

5   United States." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).  *See also United*

6   *States v. Nordic Village, Inc.* 503 U.S. 30, 33 (1992); *Block*, 461 U.S. at 287.

7        Plaintiff fails to allege, and cannot allege, a statutory waiver of sovereign immunity that

8   would permit a suit against the SEC or its chairperson for improperly denying his Rule 14a-8

9   proposal regarding DHI.  We are aware of no express waiver of sovereign immunity that would

10  allow Plaintiff to sue the SEC or Chairman Schapiro in these circumstances.  Accordingly,

11  Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

12
13  **IV.   ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S FIRST
         AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM.**

14      **A.   Rule 12(b)(6) Standard.**

15       Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

16  if it fails to state a claim upon which relief can be granted.  When considering a 12(b)(6) motion,

17  a Court must accept as true all allegations and material facts and must construe those facts in a

18  light most favorable to the plaintiff.   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

19  Cir. 2001). However, a "court [is not] required to accept as true allegations that are merely

20  conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

21       To survive a motion to dismiss, Plaintiff must allege "enough facts to state a claim to

22  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This

23  "facial plausibility" standard requires Plaintiff to allege facts that add up to "more than a sheer

24  possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173

25  L. Ed. 2d 868 (2009).

26  ///

27  ///

28

**B.    Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

In his First Amended Complaint, Plaintiff has failed to allege a single fact regarding Chairman Schapiro.  At a minimum, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief.  "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, at 1965, n.3 (internal citations omitted).  Accordingly, Chairman Schapiro should be dismissed from the First Amended Complaint as Plaintiff has failed to allege a short and plain statement of any claim against her.  Similarly, Plaintiff alleges no facts that raise a cognizable claim against the SEC.  The Court should dismiss the SEC as Plaintiff's First Amended Complaint fails to specify any cause of action or legal theory he is pursuing against the federal agency.

Accordingly, because Plaintiff has failed to allege any facts that add up to "more than a sheer possibility that a defendant has acted unlawfully," the Court should dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.  *Twombly*, at 1949.

## V.    CONCLUSION

Based on the foregoing, the Defendants' motion to dismiss should be granted in its entirety, with prejudice.

DATED: January 23, 2012                     Respectfully submitted,
                                            MELINDA HAAG
                                            United States Attorney


                                            ___/s/ Ann Marie Reding_____
                                            ANN MARIE REDING
                                            Assistant United States Attorney