1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ANN MARIE REDING (CSBN 226864)
   Assistant United States Attorney
4
5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
       Telephone: (415) 436-7200
6      FAX: (415) 436-6748
       annie.reding@usdoj.gov
7
8  Attorneys for U.S. Securities and Exchange Commission
   and SEC Chairman Mary Schapiro
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                          OAKLAND DIVISION
12
13 PATRICK A. MISSUD,                )   No. C 12-0161 [formerly No. C 11-3567
                                     )   DMR]
          Plaintiff,                 )
14                                   )
       v.                            )   **DEFENDANTS' RELY IN SUPPORT
15                                   )   OF MOTION TO DISMISS
   SECURITIES AND EXCHANGE           )   PLAINTIFF'S FIRST AMENDED
16 COMMISSION, ET AL.,               )   COMPLAINT AND DEFENDANTS'
                                     )   OPPOSITION TO PLAINTIFF'S
17        Defendants.                )   "MOTION TO AMEND COMPLAINT"**
                                     )
18                                   )   Date: March 22, 2012
   _____  )   Time: 11:00 a.m.
19                                       Place: Courtroom 4, 3rd Floor
                                         Hon. Magistrate Judge Donna M. Ryu
20
21
22      On February 6, 2012, Plaintiff Patrick A. Missud ("Plaintiff") filed an opposition to

23 Defendants U.S. Securities and Exchange Commission ("SEC") and SEC Chairman Mary

24 Schapiro's (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint

25 ("Plaintiff's Opposition"), as well as a "Motion to Amend Complaint to Conform to Evidence."

26 *See* Docket Nos. 66 and 67.  Plaintiff's Opposition and his "Motion to Amend Complaint,"

27 including the supporting documents, appear to be identical.  *See id.*  Accordingly, Defendants

28

Reply in Support of Motion to Dismiss and Opposition to Plaintiff's "Motion to Amend"
CV 11-3567 DMR                               1

hereby submit the following both in reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and in opposition to Plaintiff's "Motion to Amend Complaint."

## I. PLAINTIFF CANNOT IDENTIFY ANY WAIVER OF SOVEREIGN IMMUNITY.

Plaintiff's claims against Defendants SEC and Chairman Schapiro must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Plaintiff had not identified any waiver of sovereign immunity. Rather than address Defendants' arguments set forth in their motion to dismiss, Plaintiff simply argues that "DHI [DR Horton, Inc.] corrupted the $EC so that it would not regulate clear ultra-vires corporate crimes. The evidence filed in 11-cv-3567- EMC is clear as day, and proves the allegations to criminal standards. Further, the evidence in support of this instant Opposition and Motion to Confirm overwhelmingly prove what has already become Madoff-II." Plaintiff's Opposition at 2:28-3:3. Plaintiff does not cite any explicit waiver of sovereign immunity by the United States through an act of Congress or otherwise. *See Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (no federal agency can be sued unless Congress has explicitly revoked that agency's immunity); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States , as sovereign, is immune from suit save as it consents to be sued").

In addition, Plaintiff alleges no facts that raise a cognizable claim against the SEC or Chairman Schapiro. Plaintiff's First Amended Complaint fails to specify the cause of action or legal theory he is pursuing against the SEC and does not allege a single fact regarding Chairman Schapiro. Plaintiff offers no additional facts regarding the SEC or Chairman Schapiro in his Opposition or his "Motion to Amend Complaint." To survive a motion to dismiss, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.

## II. ANY AMENDMENT TO PLAINTIFF'S COMPLAINT WOULD BE FUTILE.

Leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."

*DeSoto v. Yellow Freight Sys.*, Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401. *See also Mueller v. United States- Corp.*, 2010 U.S. Dist. LEXIS 128971, at *24-25 (C.D. Cal. Oct. 22, 2010) (recommending denial of plaintiff's motion for leave to amend because there are no plausible facts, consistent with plaintiff's current allegations, that would cure the deficiencies in the First Amended Complaint).

Plaintiff's "Motion to Amend Complaint to Conform to Evidence" should be denied because Plaintiff has not and cannot identify any claim against Defendants and the defects of the Complaint identified above are fundamental. Plaintiff has failed to set forth any intelligible allegation, much less a cognizable claim, against Defendants.

### III. CONCLUSION

Based on the foregoing, the Defendants' motion to dismiss should be granted in its entirety and Plaintiff's "Motion to Amend Complaint" should be denied.

DATED: February 13, 2012

Respectfully submitted,
MELINDA HAAG
United States Attorney

　/s/ Ann Marie Reding
ANN MARIE REDING
Assistant United States Attorney