UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSUD,<br><br>        Plaintiff,<br><br>    v.<br><br>SECURITIES AND EXCHANGE COMMISSION, *et. al.*,<br><br>        Defendants.<br>_____/ | No. C-12-0161-DMR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** |

Defendants U.S. Securities and Exchange Commission ("SEC") and SEC Chairman Mary L. Schapiro move the court pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff Patrick Missud's First Amended Complaint. (*See generally* Defs.' Mot. to Dismiss Pl.'s First Am. Compl. ("Defs.' Mot. Dismiss").) Defendants contend that Plaintiff has failed to establish subject matter jurisdiction because the United States has not waived Defendants' sovereign immunity. (Defs.' Mot Dismiss 3-4.) Plaintiff concurrently moves the court pursuant to Rule 15 of the Federal Rules of Civil Procedure to file a second amended complaint to raise a new claim. (*See* Opp'n to Mot. to Dismiss First Am. Compl; and Mot. to Am. Compl. ("Pl.'s Opp'n & Mot. Am.") 3.) He now alleges that the SEC responded improperly to his Freedom of Information Act ("FOIA") request. (Missud Decl. ¶ 1, Feb. 6, 2012.) Defendants contend that the court should deny his motion because Plaintiff has not exhausted his administrative remedies and the court, therefore, lacks subject matter jurisdiction to hear this claim. (Defs.' Reply in Supp. of Mot. to Dismiss Pl.'s First Am. Compl. & Defs.' Opp'n to Pl.'s Mot. to Am. Compl. ("Defs.' Reply & Opp'n") 2-3.) For the reasons given below, the court GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motion to amend.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed this public corruption and civil rights action against numerous defendants on July 20, 2011 and amended his complaint three months later. [*See* Docket

Nos. 1, 18.] The First Amended Complaint does not set forth clear causes of action, but broadly indicts prior judicial decisions against Plaintiff, corporate influence in American politics, and pervasive corruption in the judiciaries and regulatory agencies of the United States, California, and Nevada. (Am. Compl. 5-28.) The court has dismissed claims against all Defendants except the SEC and Mary Schapiro. *Missud v. Nevada*, No. 11-3567 (DMR), 2012 WL 986592 (N.D. Cal. Jan. 5, 2012), *adopted by* No. 11-3567-EMC, 2012 WL 986478 (N.D. Cal. Mar. 22, 2012.) In the First Amended Complaint, Plaintiff's remaining claim appears to allege that the SEC improperly issued Rule 14a-8 "no-action" letters concurring with former Defendant D. R. Horton Corporation's denial of his annual shareholder proposals. (*See* Am. Compl. 25-26.)

On January 23, 2012, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint. On February 6, 2012, Plaintiff filed an opposition, along with a motion for leave to further amend the complaint to add a claim to compel SEC compliance with a FOIA request. An adjunct document to Plaintiff's motion claims that on January 20, 2012, he submitted a FOIA request to the SEC asking for a broad category of documents described as:

> records pertaining to D R Horton Inc., DHI Mortgage GP or LP (FDBA C. H. Mortgage), or any of their subsidiaries, alter-egos, or entities doing business as "America's Builder," . . . . [and] copies of any and all emails and letters received by the SEC since October 10, 2006 regarding the above Companies.

[Docket No. 62 at 3.]

## II. DEFENDANT'S MOTION TO DISMISS

### A. LEGAL STANDARDS

#### 1. Dismissal for Lack of Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. Fed. R. Civ. P. 12(b)(1). As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court will dismiss a complaint if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When the movant challenges the complaint for lack of subject matter jurisdiction on its face, as in the current motion, the court will take all material allegations in

the complaint as true and construe them in the light most favorable to the plaintiff. *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir.2009).

### 2. Sovereign Immunity

The United States, "as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Courts do not have jurisdiction over suits against the United States unless sovereign immunity is waived. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). This doctrine extends to departments and agencies of the United States and to federal employees acting within their official capacities. *S. Delta Water Agency v. U.S. Dep't of Interior*, 767 F.2d 531, 536 (9th Cir. 1985). Waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" and authorized by federal statute. *United States v. King*, 395 U.S. 1, 4 (1969) (citation omitted). If the federal government consents to be sued, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citation omitted). Absent a waiver of sovereign immunity, a court must dismiss a claim against the United States, a federal agency, or a federal employee acting within official capacity for lack of subject matter jurisdiction. *See Gerritsen v. Consulado Gen. de Mex.*, 989 F.2d 340, 343 (9th Cir. 1993); *Amin`oil U.S.A., Inc. v. Cal. State Water Res. Control Bd.*, 674 F.2d 1227, 1233 (9th Cir.1982).

### B. ANALYSIS

Defendants contend that Plaintiff may not challenge the validity of the SEC's Rule 14a-8 "no-action" letters due to sovereign immunity. (Defs.' Mot. Dismiss 4.) The court agrees. SEC Rule 14a-8 provides that whenever an eligible shareholder notifies a company of intent to present a proposal for action at a shareholders' meeting, the company generally "must include a shareholder's proposal in its proxy statement and identify the proposal in its form of proxy." 17 C.F.R. § 240.14a-8. A company that intends to exclude a shareholder proposal from proxy materials must "file its reasons with the Commission no later than 80 calendar days before it files its definitive proxy statement and form of proxy with the Commission." § 240.14a-8(j)(1). Companies often concurrently request "no-action" letters from the SEC staff, which express opinions on the legality of excluding the proposal. *See Amalgamated Clothing & Textile Workers Union v. SEC*, 15 F.3d 254, 255 (2d Cir. 1994); *Kixmiller v. SEC*, 492 F.2d 641, 643 (D.C. Cir. 1974) (per curiam)

3

United States District Court
For the Northern District of California

1    The judiciary's "authority to directly review [SEC] action springs *solely* from Section 52(a)
2 of the Securities Exchange Act of 1934," 15 U.S.C. § 78y(a), which "confines our jurisdiction to
3 order(s) issued by the Commission." *Kixmiller*, 492 F.2d at 643 (emphasis added) (footnote and
4 quotation marks omitted); *see Amalgamated Clothing & Textile Workers Union*, 15 F.3d at 256-57
5 (citing § 78y(a); *Bd. of Trade v. SEC*, 883 F.2d 525, 529-30 (7th Cir. 1989)). As with other
6 agencies, SEC staff do not have the "authority individually or collectively to make 'orders'"; this
7 power rests with the Commission alone. *Kixmiller*, 492 F.2d at 644 (footnotes and quotation marks
8 omitted). Because Rule 14(a)-8 "no-action" letters are written by SEC staff, they fall into this rubric
9 and do not qualify as judicially reviewable SEC actions. *Amalgamated Clothing & Textile Workers
10 Union*, 15 F.3d at 256-57; *Bd. of Trade*, 883 F.2d at 529-30; *Kixmiller*, 492 F.2d at 643. In rare
11 circumstances, not alleged in Plaintiff's First Amended Complaint, the Commission may choose to
12 review a "no-action" letter, *see Kixmiller*, 492 F.2d at 643, and even then, the resulting Commission
13 determination would become a final order only if it "'impose[d] an obligation, den[ied] a right or
14 fix[ed] some legal relationship as a consummation of the administrative process,'" *Amalgamated
15 Clothing & Textile Workers Union*, 15 F.3d at 257 (quoting *Chicago & S. Airlines, Inc. v. Waterman
16 S.S. Corp.*, 333 U.S. 103, 113 (1948)) (citations omitted). Because the waiver of sovereign
17 immunity for agency orders in § 78y(a) does not encompass the "no-action" letters that Plaintiff
18 contests, the court has no subject matter jurisdiction over his claim.[1] *Kixmiller*, 492 F.2d at 643;
19 *accord Cnty. of Esmeralda v. U.S. Dep't of Energy*, 925 F.2d 1216, 1222 (9th Cir. 1991). The court
20 therefore grants Defendants' motion to dismiss and grants Plaintiff leave to file a motion to amend
21 his complaint, as provided herein. Plaintiff may seek leave to amend by no later than April 25,
22 2012, but only if he can allege non-frivolous claims against 1) Defendant SEC concerning Rule 14a-
23 8 "no action" letters which the Commission reviewed and have the status of a final SEC order and/or
24 2) Defendant Schapiro concerning actions she undertook outside her official capacity with respect to
25 the Rule 14a-8 "no action" letters, which the Commission reviewed and have the status of a final
26 SEC order. *See also* Fed. R. Civ. P. 11(b).

---

[1] Plaintiff's First Amended Complaint does not make specific claims against Defendant Schapiro, particularly that she acted outside her official capacity. Therefore, sovereign immunity renders her immune from suit. *See Amin`oil U.S.A., Inc.*, 674 F.2d at 1233.

4

## III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

### A. LEGAL STANDARDS

#### 1. Amendment of Pleadings

If a party has previously amended his complaint, he must obtain leave from the court to further amend his pleading unless the opposing parties consent. *See* Fed. R. Civ. P. 15(a). Although the decision whether to grant leave to amend lies within the court's discretion, *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005), "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). The Courts should grant leave to amend unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Lira*, 427 F.3d at 1176. Courts generally hold allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers. *See id.* Accordingly, the court must give *pro se* litigants leave to amend a complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Id.* A district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith. *See Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

#### 2. Exhaustion of Administrative Remedies Under FOIA

In a FOIA action, a plaintiff must exhaust administrative remedies prior to seeking judicial review. *Am. Fed'n of Gov't Emp. v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990); *Spannaus v. Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987); *United States v. Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986); *United States v. U.S. Dist. Court*, 717 F.2d 478, 480 (9th Cir. 1983). When a FOIA plaintiff brings suit without first exhausting administrative remedies, the lawsuit is subject to dismissal for lack of subject matter jurisdiction. *Steele*, 799 F.2d at 466. FOIA plaintiffs fail to exhaust administrative remedies "[w]here no attempt to comply fully with agency procedures has been made." *Id.* (citation omitted). After submitting a FOIA request, a requester must allow the agency twenty workdays to make an initial determination. 5 U.S.C. § 552(a)(6)(A)(i). The requester may appeal this determination, and the agency must make a determination with respect to the appeal within twenty workdays. § 552(a)(6)(A)(ii). Generally, if the agency fully or partially denies the appeal, the requester is deemed to have exhausted administrative remedies and may file suit. *See id.* Nevertheless, in circumstances where failure to exhaust would not undermine the

5

"purposes and policies" behind the requirement, courts have recognized exceptions to the administrative exhaustion doctrine. *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 25 (D.D.C. 2008) (citations omitted); *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. U.S. Dep't of Homeland Sec.*, No. C-11-02267-DMR, 2012 WL 424852, at *3 (N.D. Cal. Feb. 9, 2012). For example, courts will entertain a case when exhaustion "would have been futile." *Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 411 (D.C. Cir. 1998); *Gonzales*, 2012 WL 424852 at *6. To show futility, "[i]t must appear that pursuing available administrative remedies would have been clearly useless, that the ultimate denial of relief was a certainty." *Marine Mammal Conservancy, Inc.*, 134 F.3d at 411 (citations and quotation marks omitted).

**B. ANALYSIS**

Plaintiff did not attempt to comply fully with FOIA's procedures. He filed his request with the SEC on January 20, 2012. [*See* Docket No. 62 at 1, Ex. 1 at 1.] The SEC had at least twenty days to make an initial determination regarding the request, *see* §552(a)(6)(A), but Plaintiff filed suit before waiting for this period to pass. (*See generally* Pl.'s Opp'n & Mot. Am.) Further, Plaintiff makes no showing that following administrative procedures would have been futile [*see, e.g.*, Docket No. 71 Ex. 1 at 2 (noting that SEC continues to process Plaintiff's FOIA request in accordance with agency regulations)] or would have fallen into any other recognized exception to the exhaustion doctrine, which otherwise might warrant the court's exercising jurisdiction over his claim. *See Marine Mammal Conservancy*, 134 F.3d at 411. The court therefore lacks subject matter jurisdiction to hear his FOIA claim. As amendment to his complaint to add this claim would be futile, the court denies Plaintiff leave to amend.[2]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS's Defendant's motion to dismiss, but Plaintiff may file a motion to amend his complaint by no later than April 25, 2012 only if he can allege non-frivolous claims against 1) Defendant SEC concerning Rule 14a-8 "no action" letters which the Commission reviewed and have the status of a final SEC order and/or 2) Defendant Schapiro

---

[2] Should Plaintiff's FOIA claim become ripe for judicial review, he could then file suit. The court notes that the Court has declared Plaintiff a vexatious litigant. *Missud v. State of Nev.*, No. 11-3567-EMC, 2012 WL 986478, at *14 (N.D. Cal. Mar. 22, 2012). Any new suit that he brings must comply with the filing restrictions imposed by the Court. *See id.*

6

concerning actions that she undertook outside her official capacity with respect to the Rule 14a-8 "no action" letters, which the Commission reviewed and have the status of a final SEC order. If Plaintiff proffers any claims that do not meet the factual and legal requirements of subsection (b) of Rule 11 of the Federal Rules of Civil Procedure,[3] the court may impose sanctions. Fed. R. Civ. P. 11(c). Finally, the court DENIES Plaintiff's pending motion for leave to amend the complaint.

IT IS SO ORDERED.

Dated: April 11, 2012



DONNA M. RYU
United States Magistrate Judge

---

[3] Federal Rule of Civil Procedure 11 states, in relevant part, that an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [its pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.
Fed R. Civ. P. 11(b).