1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK A MISSUD,

       Plaintiff,

    v.

SECURITIES AND EXCHANGE COMMISSION, *et al.*,

       Defendants.

_____/

No. C-12-00161 DMR

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DISMISSING CASE**

    Plaintiff Patrick Missud moves pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to amend and to file a second amended complaint. (Pl.'s Mot. to Amend & 2d Am. Compl. ("2d Am. Compl.").)[1] Defendants Securities and Exchange Commission ("SEC" or "the Commission") and SEC Chairman Mary Schapiro ("Schapiro") oppose the motion. (Defs.' Opp'n to Pl.'s Mot. for Leave to Amend.) For the reasons given below, the court DENIES Plaintiff's motion and DISMISSES the case.

**I. BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff, proceeding *pro se*, filed this action on July 20, 2011 and amended his complaint three months later. [*See* Docket Nos. 1, 18.] On January 5, 2012, the court dismissed the claims

---

[1] Plaintiff files his motion for leave to amend and the proposed second amended complaint as one document. Hereafter, the court will refer to this document as the second amended complaint.

**United States District Court**
For the Northern District of California

against all Defendants except the SEC and Schapiro, and severed the dismissed defendants from the case. *Missud v. Nevada*, No. 11-3567-DMR, 2012 WL 986592 (N.D. Cal. Jan. 5, 2012), *adopted by* No. 11-3567-EMC, 2012 WL 986478 (N.D. Cal. Mar. 22, 2012). Plaintiff's claim against the SEC alleged that it improperly issued Rule 14a-8 "no action" letters concurring with former Defendant D. R. Horton Corporation's denial of Plaintiff's annual shareholder proposals. (*See* Am. Compl. 25-26.) Plaintiff alleged no facts against Schapiro; in an excess of caution, the court interpreted Plaintiff's claim against Schapiro to also concern the allegedly improper issuance of Rule 14a-8 "no action" letters. (Order Granting Defs.' Mot. to Dismiss & Den. Pl.'s Mot. for Leave to Amend Compl. 3-4.)

On January 23, 2012, Defendants filed a motion to dismiss Plaintiff's first amended complaint for lack of subject matter jurisdiction and failure to state a claim. [Docket. No. 61.] On February 6, 2012, Plaintiff filed an opposition and a motion for leave to further amend the complaint to add a claim to compel SEC compliance with his Freedom of Information Act ("FOIA") request, *see* 5 U.S.C. § 552. [Docket Nos. 66, 67.] On April 11, 2012, the court granted Defendants' motion to dismiss, with limited leave to amend:

> Plaintiff may file a motion to amend his complaint ... only if he can allege non-frivolous claims against 1) Defendant SEC concerning Rule 14a-8 'no action' letters which the Commission reviewed and have the status of a final SEC order and/or 2) Defendant Schapiro concerning actions that she undertook outside her official capacity with respect to the Rule 14a-8 'no action' letters, which the Commission reviewed and have the final status of an SEC order.

[Docket No. 79 at 6-7.]

On April 25, 2012, Plaintiff filed the instant motion for leave to file a second amended complaint. (2d Am. Compl.) The court finds the motion appropriate for resolution without a hearing. *See* N.D. Cal. Civ. L.R. 7-1(b). The parties filed consents to this court's jurisdiction pursuant to 28 U.S.C. § 636(c). [Docket Nos. 15, 51, 57.] As a result, the court may enter judgment in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1.

## II. LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have the

United States District Court

For the Northern District of California

1  discretion to grant or deny leave to amend a complaint and liberally apply a policy favoring

2  amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ascon Props., Inc. v. Mobil Oil Co.*, 866

3  F.2d 1149, 1160 (9th Cir. 1989). However, district courts need not grant leave where the amendment

4  involves undue delay, bad faith, repeated failure to cure by amendments previously allowed, undue

5  prejudice to the opposing party, or futility of the amendment. *Foman*, 371 U.S. at 182; *Bowles v.*

6  *Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Ascon*, 866 F.2d at 1160 (citing *DCD Programs, Ltd. v.*

7  *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

8                                    **III. ANALYSIS**

9        Plaintiff's proposed second amended complaint does not cure the deficiencies in the first

10  amended complaint.

11      **A. Plaintiff's Claim Against Defendant SEC**

12        As the court held in its previous order, Plaintiff's claim against the SEC must allege that the

13  Rule 14a-8 'no action letters' at issue must have the status of a final order in order for the Court to

14  exercise subject matter jurisdiction over the letters. [Docket No. 79 at 3-4, 6.] Rule 14a-8 "no action"

15  letters have the status of a final order if two requirements are met. First, the SEC must exercise its

16  discretion to review the staff's previous determination. *Kixmiller v. SEC*, 492 F.2d 641, 644 (D.C.

17  Cir. 1974). Second, the resulting determination must "impose an obligation, deny a right or fix some

18  legal relationship as a consummation of the administrative process." *Amalgamated Clothing &*

19  *Textile Workers Union v. SEC*, 15 F.3d 254, 257 (2d Cir. 1994) (quoting *Chi. & S. Air Lines, Inc. v.*

20  *Waterman S.S. Corp. Civil Aeronautics Bd.*, 333 U.S. 103, 113 (1948)) (citations omitted).

21        Plaintiff's proposed second amended complaint neither alleges that the SEC reviewed his

22  Rule 14a-8 "no action" letters nor alleges that the SEC's determination imposed an obligation,

23  denied a right, or created a binding legal relationship. Because Plaintiff consequently has not alleged

24  that his Rule 14a-8 "no action" letters have the status of a final order, the Court has no subject matter

25  jurisdiction over the claim. The court therefore denies Plaintiff further leave to amend his claim

26  against the SEC.

27      **B. Plaintiff's Claim Against Defendant Schapiro in Her Unofficial Capacity**

28        Plaintiff fails to state a viable claim against Defendant Schapiro. Plaintiff does not

**United States District Court**
For the Northern District of California

1   adequately allege that Schapiro acted outside of her official capacity with respect to the letters.

2   Plaintiff simply alleges that Schapiro acted fraudulently in the issuance of the letters. (2d Am.

3   Compl. 6.) However, to allege fraud, "a party must state with particularity the circumstances

4   constituting" the alleged action. Fed. R. Civ. P. 9(b). Plaintiff's proposed cause of action states:

> This Court correctly notes that Missud specifically alleged that Schapiro acted
> OUTSIDE her official capacity when she fraudulently denied Missud's request for a
> 14(a)8 publication to benefit the $5.6 Billion DHI Corporation which has and is suing
> racketeering activities to 'earn' publically reported revenue. The $EC'$ [sic] top
> official has had seven years of Missud's tips which prove DHI'$ [sic] interstate fraud
> on consumers. Some of these tips are publically posted at the $EC'$ [sic] very own
> authentic website.

9   (2d Am. Compl. 6.) Rather than specifying Schapiro's alleged fraudulent actions that led to the

10  issuance of Plaintiff's Rule 14a-8 "no action" letters, Plaintiff conclusorily alleges that Schapiro

11  acted fraudulently because she knew of Plaintiff's investigative actions and still allowed the SEC to

12  issue the letters unfairly to him. These allegations do not meet the pleading standards of Rule 9. The

13  court therefore denies Plaintiff leave to amend his claims against Schapiro.

14                          **IV. CONCLUSION**

15          For the foregoing reasons, and because of Plaintiff's repeated failures to state a viable claim

16  in proffered complaint, the court DENIES Plaintiff's motion for leave to amend and DISMISSES the

17  case with prejudice.

18          IT IS SO ORDERED.

19  Dated:  July 17, 2012

21          DONNA M. RYU
            United States Magistrate Judge

4