UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK A MISSUD,

        Plaintiff(s),

  v.

SEC,

        Defendant(s).

No. C 12-161 DMR

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING PLAINTIFF TO COMPLY WITH COURT FILING RULES**

Plaintiff Patrick Missud moves the court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reconsider its July 19, 2012 order denying his application to proceed *in forma pauperis* on appeal to the United States Court of Appeals for the Ninth Circuit, [*see* Docket No. 129]. In that decision, the court found that Plaintiff met the financial criteria to proceed *in forma pauperis*, but denied the application because "any appeal would be frivolous," as Plaintiff "ha[d] consistently failed to present the court with any viable claim." [Docket No. 129 at 2.]

Rule 60(b) permits a district court to relieve a party from a final order for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." *Manago v. Gonzales*, No. 11-CV-1229, 2012 WL 439404, at *1 (E.D. Cal. Feb. 9, 2012) (ellipses in original) (quoting Fed. R. Civ. P. 60(b)); *see Rogers v. Santa Cruz Cnty. Bd. of Supervisors*, No. 00-779 MMC (PR), 2007 WL 4259286, at *1 (N.D. Cal. Dec. 3, 2007). A court should invoke Rule 60(b)(6) "'sparingly,'" "'where extraordinary circumstances . . .

**United States District Court**
For the Northern District of California

1 'exist," and only "'as an equitable remedy to prevent manifest injustice.'" *Manago*, 2012 WL
2 439404, at \*1 (ellipses in original) (quoting *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008));
3 *accord Rogers*, 2007 WL 4259286, at \*1 (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*,
4 637 F.2d 1338, 1341 (9th Cir. 1981)). The court should not grant a motion for reconsideration
5 "'absent highly unusual circumstances'" and only if the court "'is presented with newly discovered
6 evidence, committed clear error, or if there is an intervening change in the controlling law.'"
7 *Manago*, 20123 WL 439404, at \*1 (quoting *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH &*
8 *Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

9 In his motion, Plaintiff rehashes the same frivolous arguments that he has offered the court
10 since the inception of this case. He makes no attempt to address the grounds upon which the court
11 denied the *in forma papueris* application which he now challenges. Because Plaintiff has failed to
12 meet his burden, the court denies his motion for reconsideration.

13 The court also notes that since it entered final judgment in this case on July 18, 2012,
14 [Docket No. 126], Plaintiff has filed over 16 requests for judicial notice and declarations. The Court
15 reminds Plaintiff, a member of this Court's bar, that the Court lacks jurisdiction to issue any
16 requested relief because the case is on appeal, *see* Fed. R. Civ. P. 62.1(a), and admonishes him for
17 failing to comply with the Local Rules regarding written requests to the court, N.D. Cal. Civ. L.R.
18 7-1, 7-9. Plaintiff is directed to comply with the Local Rules in future filings with this Court.

19 IT IS SO ORDERED.

21 Dated: September 4, 2012



DONNA M. RYU
United States Magistrate Judge

2